TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00510-CV






George G. Green, Appellant



v.



Allied Interests, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 96-02545, HONORABLE JOSEPH H. HART, JUDGE PRESIDING 





 

 Appellant George G. Green ("Green") challenges a judgment by the court
sanctioning Green for failure to obey court orders compelling post-judgment discovery. In two
points of error, Green challenges the type of sanctions ordered by the court and the sufficiency
of the court's findings supporting the sanction order. We will affirm.


BACKGROUND


 Green obtained a multi-million dollar judgment in a whistleblower lawsuit against
the State of Texas. See Texas Dep't of Human Servs. v. Green, 855 S.W.2d 136 (Tex.
App.--Austin 1993, writ denied). Green hired appellee Allied Interests, Inc., to assist him in
collecting that judgment. When Green then refused to pay Allied's bill for services rendered
during the successful collection effort, Allied sued Green for breach of contract and fraud. After
a trial on the merits, the trial court rendered a judgment, pursuant to the jury findings, against
Green in the amount of $626,843.53. Green appealed that judgment in a separate appeal to this
Court, and we affirmed. See Green v. Allied Interests, Inc., No. 3-97-198-CV, slip op. at __
(Tex. App.--Austin ____ 1998, ___).

 Following the denial of Green's motion for a new trial, Allied sought post-judgment
discovery pursuant to Texas Rule of Civil Procedure 621a from Green, who had not posted a
supersedeas bond. (1) Allied properly served Green with discovery requests and a deposition notice
with subpoena duces tecum for the deposition of Green. Green ignored the discovery requests and
failed to appear for his deposition. In response, Allied filed a motion to compel discovery and
a motion to compel Green's attendance at a deposition. A hearing was set for April 14, 1997. 
After Green failed to appear at this hearing, the court granted Allied's motions to compel and
ordered Green to pay $2,000 in attorneys' fees.

 When Green refused to respond to the court's order, Allied filed another motion
to compel discovery, as well as another motion for sanctions. A hearing was set for July 11,
1997. Green again failed to appear. In response to Green's failure to appear, Travis County
District Judge Joe Hart rendered an order sanctioning Green $6,000 in attorney's fees; $10,000
for failure to obey court orders; plus per diem charges of $1,000 for each day Green failed to
respond to discovery requests and $1,000 for each day Green failed to appear for his deposition. 
As discussed below, the court made several findings of fact in support of this order.

 Despite this order, Green still refused to answer discovery requests or appear for
his deposition. On July 24, 1997, Green filed a supersedeas bond to stay Allied's post-judgment
discovery efforts. On November 12, 1997, Travis County District Judge John Dietz rendered a
final judgment regarding sanctions, ordering Green to pay sanctions in the total amount of
$14,312.33 (hereinafter the "Final Judgment"). The Final Judgment on sanctions incorporated
Judge Hart's earlier order. Green appeals the monetary sanctions, challenging both Judge Hart's
order awarding per diem sanctions and the sufficiency of the court's findings in granting the
sanctions.


DISCUSSION


 In his first point of error, Green argues that Judge Hart lacked authority to grant
per diem sanctions. Given the Final Judgment, however, this point is moot, and we need not
address the propriety of awarding per diem sanctions. The Final Judgment rendered November
12, 1997, incorporated and superseded the July 11th order granting the per diem sanctions. This
judgment awarded sanctions measured in final, definitive amounts. Specifically, the Final
Judgment contained sanctions in the amount of $3,000 for Green's failure to respond to Allied's
discovery requests and $1,000 for Green's failure to appear for his oral deposition. These
sanctions, which were based upon Green's refusal to obey court orders and his failure to comply
with post-judgment discovery for more than six months, are de minimis. Therefore, because the
Final Judgment does not include a per diem sanction, nothing is presented for our review. 
Green's first point of error is overruled.

 In his second point of error, Green argues that the trial court erred in granting
sanctions for post-judgment discovery because it did not make the necessary findings that such
discovery was necessary to Allied's collection effort. In support of this argument, Green cites
TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913 (Tex. 1991).

 Green, however, misinterprets TransAmerican. In TransAmerican, the Texas
Supreme Court stated that while it is "helpful for appellate review of sanctions" to have findings,
and "we commend this practice in our trial courts," such findings are not mandatory. Id. at 919
n.9 (trial court is not required to make findings before imposing discovery sanctions).

 Judge Hart, however, followed this recommended practice and made numerous
findings in the sanctions order in order to aid this court's review of the sanctions. These findings
were incorporated into the Final Judgment. The trial court found that: (1) Allied was entitled to
post-judgment discovery because it had received a judgment in its favor against Green; (2) all
post-judgment motions had been denied; (3) no supersedeas bond was filed; (4) Allied had
properly served Green its discovery requests; (5) despite being aware of these discovery requests,
Green refused to comply, even after he was ordered to do so by the court on April 14, 1997; (2) (6)
Green received reasonable and sufficient notice of the court hearings on Allied's motions to
compel discovery and sanctions; (7) Green received reasonable and sufficient notice of his
obligations under the discovery orders, and (8) sanctions were necessary to obtain compliance as
well as reasonable in light of Green's wanton disregard of the judicial process. The court then
determined that it had the power to assess these fines under Rules 215 and 621a of the Texas
Rules of Civil Procedure, and that these sanctions would not have the effect of limiting Green's
access to the court system. (3) These findings are more than sufficient to support the assessment of
sanctions.

 Regarding Green's argument that the post-judgment discovery was unnecessary for
Allied to collect its judgment, the court specifically overruled all objections to the discovery
requests in the July 11th order. The court was not required to make a special finding that the
discovery was necessary. Green's second point of error is overruled.


CONCLUSION


 Having overruled both of Green's points of errors, we affirm the trial court's
judgment.


 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: March 12, 1998

Do Not Publish
1.   Texas Rule of Civil Procedure 621a states:


 At any time after rendition of the judgment, and so long as said judgment has
not been suspended by a supersedeas bond or by order of a proper court and has not
become dormant as provided by Article 3773, V.A.T.S, the successful party may, for
the purpose of obtaining information to aid in the enforcement of such judgment,
initiate and maintain in the trial court in the same suit in which said judgment was
rendered any discovery proceeding authorized by these rules for pre-trial matters.
2.   This was evidenced by Green's counsel's motion to withdraw in which counsel stated that
Green was aware of Allied's deposition notice and discovery requests.
3.   Texas Rule of Civil Procedure 215(2)(b) states:


 Sanctions by Court in Which Action is Pending. If a party...fails to comply
with proper discovery requests or to obey an order to provide or permit discovery,
including an order made under paragraph 1 of this rule or Rule 167(a), the court in
which the action is pending may, after notice and hearing, make such orders in regard
to the failure as are just....



red in final, definitive amounts. Specifically, the Final
Judgment contained sanctions in the amount of $3,000 for Green's failure to respond to Allied's
discovery requests and $1,000 for Green's failure to appear for his oral deposition. These
sanctions, which were based upon Green's refusal to obey court orders and his failure to comply
with post-judgment discovery for more than six months, are de minimis. Therefore, because the
Final Judgment does not include a per diem sanction, nothing is presented for our review. 
Green's first point of error is overruled.

 In his second point of error, Green argues that the trial court erred in granting
sanctions for post-judgment discovery because it did not make the necessary findings that such
discovery was necessary to Allied's collection effort. In support of this argument, Green cites
TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913 (Tex. 1991).

 Green, however, misinterprets TransAmerican. In TransAmerican, the Texas
Supreme Court stated that while it is "helpful for appellate review of sanctions" to have findings,
and "we commend this practice in our trial courts," such findings are not mandatory. Id. at 919
n.9 (trial court is not required to make findings before imposing discovery sanctions).

 Judge Hart, however, followed this recommended practice and made numerous
findings in the sanctions order in order to aid this court's review of the sanctions. These findings
were incorporated into the Final Judgment. The trial court found that: (1) Allied was entitled to
post-judgment discovery because it had received a judgment in its favor against Green; (2) all
post-judgment motions had been denied; (3) no supersedeas bond was filed; (4) Allied had
properly served Green its discovery requests; (5) despite being aware of these discovery requests,
Green refused to comply, even after he was ordered to do so by the court on April 14, 1997; (2) (6)
Green received reasonable and sufficient notice of the court hearings on Allied's motions to
compel discovery and sanctions; (7) Green received reasonable and sufficient notice of his
obligations under the discovery orders, and (8) sanctions were necessary to obtain compliance as
well as reasonable in light of Green's wanton disregard of the judicial process. The court then
determined that it had the power to assess these fines under Rules 215 and 621a of the Texas
Rules of Civil Procedure, and that these sanctions would not have the effect of limiting Green's
access to the court system. (3) These findings are more than sufficient to support the assessment of
sanctions.

 Regarding Green's argument that the post-judgment discovery was unnecessary for
Allied to collect its judgment, the court specifically overruled all objections to the discovery
requests in the July 11th order. The court was not required to make a special finding that the
discovery was necessary. Green's second point of error is overruled.


CONCLUSION


 Having overruled both of Green's points of errors, we affirm the trial court's
judgment.


 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: March 12, 1998

Do Not Publish
1.   Texas Rule of Civil Procedure 621a states:


 At any time after rendition of the judgment, and so long as said judgment has
not been suspended by a supersedeas bond or by order of a proper court and has not
become dormant as provided by Article 3773, V.A.T.S, the successful party may, for
the purpose of obtaining information to aid in the enforcement of such judgment,
initiate and maintain in the trial court in the same suit in which said judgment was
rendered any discovery proceeding authorized by these rules for pre-trial matters.
2.   This was evidenced by Green's counsel's motion to withdraw in which counsel stated that
Green was aware of Allied's deposition notice and discovery requests.
3.   Texas Rule of Civil Procedure 215(2)(b) states:


 Sanctions by Court in Which Action is Pending. If a party...fails to comply
with proper discovery requests or to obey an order to provide or permit discovery,
including an order made under para